# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist EMERY GETTIS, JR.**
**United States Army, Appellant**

ARMY 20111090

Headquarters, 2nd Infantry Division
T. Mark Kulish, Military Judge
Lieutenant Colonel Paul I. Schasberger, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Aaron R. Inkenbrandt (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA (on brief).

25 September 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave, one specification of willfully disobeying a noncommissioned officer, six specifications of larceny, and one specification of unlawful entry, in violation of Articles 86, 91, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 921, 934 (2008) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for seven months, and reduction to the grade of E-1. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 195 days, and reduction to the grade of E-1. The convening authority credited appellant with seven days of confinement.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error that merits no discussion or relief. Appellant personally raises multiple issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion and relief.

**LAW AND DISCUSSION**

The Specification of Charge II alleged appellant willfully disobeyed his First Sergeant by not staying at a Charge of Quarters (CQ) desk on or about 10 May 2011. The Specification of Charge I alleged appellant was absent from his unit from on or about 11 May 2011 until on or about 12 May 2011.  Although these specifications facially attempt to divide these offenses into two distinct time frames, the providence inquiry and stipulation of fact established appellant's unauthorized absence began on 10 May 2011, as soon as he left his appointed place of duty and ended on 12 May 2011.

During the providence inquiry concerning the disobedience offense, the military judge engaged in the following colloquy with appellant:

> MJ:  And, so what happened on the 10th of May?
>
> ACC: . . . I went to the First Sergeant's office [and] stood by the orderly room.  He told me to wait by the CQ desk until he got done talking on the phone and I suspected they knew what I [had] done, so I left post.

A related discussion ensued during the colloquy involving the absence offense:

> MJ:  And you had mentioned . . . the First Sergeant told you to stay by the CQ desk, you chose to go ahead [and] leave, not only the building, but leave post.  So what happened next?
>
> ACC: I went to an apartment I was staying at, sir.
>
> MJ:  And did you spend the night there?
>
> ACC:  Yes, sir.
>
> MJ:  And then what happened the next day?
>
> ACC:  I stayed there, sir.
>
> MJ:  How was it that you came back to post?
>
> ACC:  I was apprehended by the MPs at 2230 [on] May 12th.

In the stipulation of fact, these two offenses were combined together in the same paragraph:

> At the time 1SG D gave the [appellant] the order, the [appellant] knew 1SG D was his superior non-commissioned officer and he knew he had a duty to obey the order. Having such knowledge, the [appellant] willfully disobeyed 1SG D's order to wait at the CQ desk and remained absent from the unit until on or about 12 May 2011.

Pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4), "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Our superior court, in *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001), listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*Id*. at 338.

In regards to the first *Quiroz* factor, although appellant did not raise the issue at trial, we are still permitted to consider this matter on appeal. *United States v. Gilchrist*, 61 M.J. 785, 789 (Army Ct. Crim. App. 2005). In addressing the fourth and fifth *Quiroz* factors, we also find the addition of the Article 86, UCMJ violation, with a related punishment adding one month of possible confinement, did not unfairly increase appellant's punitive exposure and there was no evidence of prosecutorial overreaching.

3

However, in reviewing the two remaining *Quiroz* factors, we find these two charges were not aimed at distinctly separate criminal acts, and adding a forty-eight hour absence offense on top of the disobedience charge exaggerated appellant's criminality in this case. Essentially, appellant violated the First Sergeant's order to stay at the CQ desk when he left the area, and this same act of leaving his appointed place of duty instantaneously completed the absence offense.[*] We hasten to point out that this is not a case where the disobedience is ultimately an unauthorized absence. To the contrary, we view this set of facts and circumstances as constituting explicit disobedience with a coincidental short-term unauthorized absence. We therefore find that The Specification of Charge I was unreasonably multiplied with The Specification of Charge II and will take appropriate action in our decretal paragraph.

## CONCLUSION

The finding of guilty to The Specification of Charge I and Charge I are set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence based on the dismissal of Charge I and its specification, the entire record, and those matters personally raised by appellant pursuant to *Grostefon*, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

---

[*] We note that duration of the absence is but a matter in aggravation.

4